## Snider, Executor, Appellant, *v.* Snider.

*Will—Advancement—Debt.*

Where a testator directs that the debts of his children shall be treated as advancements and deducted from their shares under his will, the fact that one of the children who was indebted to the testator takes under his will only a remainder interest in real estate, will not prevent the debt being turned into an advancement nor permit a recovery thereon by the executors.

Argued May 12, 1892. Appeal, No. 460, Jan. T., 1892, by plaintiff, Edward Snider, executor of John Snider, deceased, from judgment of C. P. Fayette Co., June T., 1891, No. 846, for defendant, John Snider, Jr., on case stated. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit on defendant's note.

From the case stated, it appeared that the note sued on was dated May 7, 1883. Under the will of John Snider, deceased, dated April 11, 1889, the defendant took only an undivided third of certain real estate in remainder. The fifth paragraph of the will, relied upon by the defendant, is quoted in the opinion of the Supreme Court. The court below by EWING, J., entered judgment for the defendant.

*Error assigned* was the entering of the judgment.

*Edward Campbell*, for appellant.—The only way defendant's note can be deducted from his share of the estate is by obtaining judgment against him and enforcing the judgment against his share.

He cited Bittle v. Bittle, 2 Monaghan, 17.

*W. H. Playford*, for appellee.

PER CURIAM, May 23, 1892:

The fifth paragraph of the will of John Snider provides that: " All notes or other evidences of indebtedness, which may be

held by me at the time of my death, against any of my children or sons-in-law, shall be treated by my executors as advancements, and deducted from the shares of the respective beneficiaries under this my will."

This action was brought in the court below by the executor of John Snider, deceased, against John Snider, Jr., who was a son of the testator, upon a note for $2,000, dated May 7, 1883.

The clause of the will above quoted is as clear as language can make it, that the note in question is to be treated by the executors as an advancement. While a testator may not turn an advancement into a debt, it is well settled that he may turn a debt into an advancement. It was contended, however, that to so treat it would produce inequality, and that there was no share coming to John Snider, Jr., from which this advancement could be deducted. All this is outside of the case stated. If inequality is the result, it is neither the fault of the court below nor of this court, but the responsibility therefor must rest with the testator himself. Aside from this, we cannot know that he did not intend to create this very inequality.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.